TIMMER, J., dissenting:
*501 ¶ 49 I join fully in Chief Justice Bales' dissenting opinion. I write separately to highlight a flaw in the majority's view that the adequacy of the 100-word initiative description is properly assessed only after a court resolves any ambiguities in the initiative measure's language.
¶ 50 In determining that the 100-word description omits a principal feature of the Invest in Education Act by failing to describe the elimination of income tax indexing, the majority first interprets ambiguous language in the proposed statute to conclude that income tax indexing is, in fact, eliminated. Our statutory scheme belies this approach.
¶ 51 First, A.R.S. § 19-102(A) logically requires initiative proponents to describe known principal provisions of the proposed measure. It does not require proponents to forecast unintended adverse consequences that depend on a future interpretation of the measure's language. Thus, in determining whether § 19-102(A) has been satisfied, the appropriate inquiry should be whether the proponents' assessment of what constitutes principal provisions is objectively reasonable based on the measure's language, even if that language is subject to differing interpretations. (Contrary to the majority's assertion, this is not a subjective standard. See supra ¶ 27.)
¶ 52 Second, nothing in our statutes contemplates that the adequacy of the 100-word description turns on judicial interpretation of ambiguous language in the measure. Indeed, although proponents have the option of asking the legislative council to review a measure's text for ambiguities, they are neither required to do so nor obligated to change the text or the initiative description if an ambiguity is identified. See A.R.S. § 19-111.01. In short, just as the legislature may enact an ambiguous statute, so too may the voters. And tellingly, although the proponents may accept the council's recommendations to improve the measure's language, see § 19-111.01(C), there is no corresponding statutory mechanism for amending the 100-word description.
¶ 53 The proponents here contend they did not intend to eliminate income tax indexing and therefore did not include this elimination in the 100-word description. As Chief Justice Bales points out, the proponents' claim is supported by a reasonable interpretation of the measure's language. The majority should have ended its inquiry there and resisted the petitioners' call to resolve the ambiguity in the measure's language to decide whether the 100-word description is sufficient. Had it done so, and the measure otherwise qualified for the ballot, voters could have considered arguments about the measure's impact on income tax indexing in deciding how to vote, as the legislature contemplated. See A.R.S. § 19-123(E) (requiring at least three public hearings on an initiative measure qualified for the ballot to "provide an opportunity for proponents, opponents and the general public to provide testimony and request information" and which "shall include a fiscal impact presentation on the measure by the joint legislative budget committee staff").
¶ 54 For these reasons, and those set forth in Chief Justice Bales' dissenting opinion, I would affirm the trial court's judgment and allow the voters to decide whether to pass the Invest in Education Act.